IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** v. **TRAVIS BOLSTON** Defendant. | **CRIMINAL ACTION NO. 1: 18-CR-382-MLB-RDC** |

### ORDER GRANTING RELEASE PENDING FINAL HEARING ON PETITION FOR REVOCATION OF SUPERVISED RELEASE

In accordance with FED. R. CR. P. 32.1(a)(6) and 46(d), and the Bail Reform Act, 18 U.S.C. §3143(a), a detention hearing was held wherein the defendant was ordered detained. (R1-7). On March 23, 2020, the defendant filed an emergency motion requesting reconsideration of the detention order. (Doc. 16). The undersigned concludes that the following facts justify the release of the defendant pending the holding of the final hearing on the petition to revoke supervised release.

### Part I - Findings

The Defendant has shown by clear and convincing evidence that:

(1) He is not a serious risk of non-appearance at the final hearing; and

(2) That there is no serious risk that he will endanger the safety of another person or the community if released from custody.

### Part II - Written Statement of Reasons for Release

On November 25, 2019, Magistrate Judge King granted the government's oral motion to detain the defendant after concluding that he posed a serious risk of harm to his former

1

partner and the community if released from custody. (R1-7). She stated that she would re-consider the matter if the final revocation hearing was delayed beyond January 2020.[1] Within weeks of this ruling, defense counsel learned that previous legal errors made by State officials significantly undermined the presumed applicable sentencing guideline range recommended by the federal probation officer. Further, scientists, medical professionals, and government officials began to sound the alarm that our Country was facing a nationwide pandemic that would threaten the lives of millions of Americans. (www.ajc.com/news/coronavirus.) Based on these new facts, Mr. Bolston filed emergency motions for re-consideration of the detention order. (Docs. 16, 17, 19). He argued that the facts related to correction of his previous criminal judgment and the danger inherent in his continued incarceration at the R.A. Deyton Detention Facility (RAD) during the COVID-19 outbreak justified his immediate release from custody.

The Government opposed the request, arguing that the factors raised by the defendant were immaterial to the release determination, that Mr. Bolston is not at a heightened risk of exposure to the virus during his detention at the RAD because "…the defendant [does not] cite to any presumptive positive or positive cases at the facility where he is currently incarcerated that would show he is at risk for contracting COVID-19…" and that these health concerns do not undermine the previous finding that he poses a serious risk of harm to his former partner. (Doc. 18 at 6). It also suggested that this Court should limit its review of factors relevant to the

---

[1] Judge King's findings were orally pronounced during the detention hearing. Although the hearing was not transcribed, the undersigned has reviewed the recording.

2

defendant's release request to a single factor - the potential risk of danger to Mr. Bolston's partner and the public – in determining whether the previous Order should be vacated. (Doc. 18 at 3, 11).

## Applicable law and legal analysis

Pursuant to 18 U.S.C. § 3148(b)(1), the undersigned must detain a defendant if there is probable cause to believe that the person committed a crime while on release or there is clear and convincing evidence that the person violated any condition of release, **and** based on an analysis of the factors in 18 U.S.C. § 3142(g), that there is no condition or combination of conditions that will assure that the person will not flee or pose a danger to the community or the safety of another person, or that the person is unlikely to abide by any conditions of release. The person charged with violating a condition of supervised release bears the burden of establishing by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of another person or the community. 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6).  If this Court finds that there are conditions of release that will assure the defendant will not flee or pose a danger to the safety of a person or the larger community, and finds that the defendant will abide by the conditions of release, she may amend the conditions of release accordingly. Id.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. §3142(f).  This  Court is  required to consider the factors outlined

3

in 18 U.S.C. § 3142(g) including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release." In addition, the undersigned may "…by subsequent order permit the temporary release of the person, in the custody of a United State Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary *for preparation of the person's defense or for another compelling reason.*"18 U.S.C. § 3142(i) (emphasis added).

Sections 3142(g) and 3142(i) direct the undersigned to consider an array of factors in determining whether a previous order of detention should be vacated. The Government's attempt to limit this Court's review undermines the authority Congress vested in this Court and renders Section 3142(i) superfluous. Such a narrow interpretation of the applicable provisions of the Bail Reform Act is inconsistent with the breadth of the considerations adopted by Congress.

This Court finds that the following factors did not exist at the time Magistrate Judge King imposed her Order and are material to the determination of whether detention is still warranted in the instant case:

4

(1) Mr. Bolston has now been incarcerated for more than 20 months for offenses that occurred in 2018. There is no evidence he *currently* poses a risk of harm to his former partner nor the general public;

(2) The applicable federal sentencing guidelines may have been dramatically reduced based on defense counsel's dogged persistence in contacting county officials and obtaining recently filed state court orders vacating Mr. Bolston's prior state conviction (Doc. 19), a significant change that could lead to a joint resolution of the pending matter;

(3) The frequent modifications of the administration of state and federal judicial proceedings based on the current international health crisis could delay resolution of the pending case in the next few weeks, especially because the revocation petition will likely be amended by the probation officer for a second time; [1]

(4) The rapid transmission of the virus has forced federal and state law enforcement agencies to suspend attorney visitation at detention facilities, to recommend that the judiciary delay imposition of incarceration orders, or grant immediate release to defendants who do not pose a serious risk of danger to the public[2]; and

(5) Local, county, state and federal officials have issued a variety of stay-at-home orders that would require Mr. Bolston and his former partner to avoid any physical contact with each other for the foreseeable future.

After consideration of the factors set forth in 18 U.S.C. § 3142(g), careful review of the parties' arguments, Magistrate Judge King's previous ruling and the evolving modifications to the administration of this District's judicial proceedings in the midst of the COVID-19 health crisis, this Court finds that the defendant has presented evidence sufficient to rebut the presumption of detention. Mr. Bolston has established by clear and convincing evidence that his release from custody will not pose a serious

---

[2] See Attachment; Amended General Order 20-01 from Chief Judge Thomas W. Thrash, Jr.; in re: court operations under the exigent circumstances created by COVID-19 and related coronavirus. (03/30/2020); Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

[3] On March 29, 2020, the undersigned was informed by the Clerk of the Court that a detainee who had appeared before her on March 11, 2020, for his initial appearance had tested positive for the COVID-19 virus. At that hearing, this Court ordered that he remain in the custody of the United States Marshal who transported him to the R. A. Deyton Detention facility before his transfer to the Southern District of Florida. Thus, the Government's argument that the virus does not pose a significant threat to inmates presently incarcerated at RAD is incorrect. The fact that the parties have not been informed of this fact is of great concern to this Court. Further, the Bureau of Prison's decision to suspend transportation of inmates may only exacerbate the looming crisis. (www.bop.gov/coronavirus/covid19_status.jsp.)

5

risk of danger to his former partner or the community at large. Therefore, defendant's motion for release on bond is GRANTED.

**Part III - Directions Regarding Release and Amendment of Supervision Conditions**

The United States Marshal is hereby ORDERED to release the defendant no later than noon on **Tuesday, March 31, 2020**. All of the previous conditions of the supervised release term shall remain the same, **except** that he must also abide by these additional conditions:

(1) He is to be released into his mother's care and must reside at her residence – 27 3rd Avenue, NE, Atlanta, GA 30317;

(2) He will be subject to home incarceration at his mother's residence. He is restricted to 24-hour-a-day lock-down at his mother's residence except for medical necessities and court appearances or other activities specifically approved by the court;

(3) He is to have no verbal, physical or in-direct contact with his former partner. This includes internet access through his or others' social media accounts, text messages, emails or any other manner;

(4) If he needs to contact his former partner regarding their child's well-being, he must inform his probation officer to seek permission PRIOR to any verbal contact with her;

(5) He must shelter in place pursuant to any official decrees imposed by local, county, state and/or federal officials related to the on-going COVID-19 crisis, except he will be permitted to meet with his probation officer, attorney or attend court proceedings as required;

(6) He is to contact his state probation officer within 24 hours of his release from custody to inform her of his release;

(7) He must submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided. If the probation officer determines it is unnecessary or unsafe to require this condition, it should not be implemented; and

6

(8) The pretrial services office or supervising officer may utilize voice recognition at the mother's residence.

IT IS SO ORDERED, this 30th day of March 2020.

*R. Cannon*

REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE

7

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 3 0 2020

JAMES N. HATTEN, Clerk
By: /s/ Jamie Thrum
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 AND RELATED CORONAVIRUS | GENERAL ORDER 20-01 AMENDED |

## ORDER

In its General Order 20-01, dated March 16, 2020, this Court addressed Court operations under the exigent circumstances created by the spread of COVID-19 and the related Coronavirus. General Order 20-01 directed that no jurors be summoned in any Division of the Northern District of Georgia for 30 days from the date of the Order and continued all jury trials, including any trial specific deadlines, for 30 days pending further Order of the Court. The Order similarly directed that no grand jurors be summoned and all grand jury proceedings in the District be continued for 30 days pending further Order of the Court.

The exigent circumstances identified in General Order 20-01 having worsened with many citizens within the Northern District of Georgia now being under state and local government shelter in place instructions; and additional operations of the court needing to change in recognition of these circumstances, and

IT IS THEREFORE ORDERED that General Order 20-01 is amended to extend the specified 30-day time periods contained therein through and including the date of May 15, 2020.

IT IS FURTHER ORDERED that the time period of any continuance entered as a result of this Order (whether that continuance causes a pre-indictment delay or a pre-trial delay) shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. Absent further Order of the Court or any individual judge, the period of exclusion shall be from March 23, 2020, through and including May 15, 2020. The Court may extend the period of exclusion as circumstances may warrant. This Order and period of exclusion are incorporated by reference as a specific finding under 18 U.S.C. § 3161 (h)(7)(A) in the record of each pending case where the Speedy Trial Act applies. See *Zedner v. United States*, 547 U.S. 489, 506-07 (2006). The period of exclusion in this Court's prior General Order 20-01 on this subject is likewise incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies.

IT IS THEREFORE ORDERED that General Order 20-01 is <u>amended</u> to extend the specified 30-day time periods contained therein through and including the date of May 15, 2020.

Dated this __30__ day of March 2020.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
CHIEF UNITED STATES DISTRICT JUDGE